IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 12, 2016


**STATE OF TENNESSEE v. ALEXANDER K. CARNEY**


**Appeal from the Circuit Court for Madison County**
**No. 14-620     Donald H. Allen, Judge**

---

**No. W2015-01265-CCA-R3-CD  -  Filed April 29, 2016**

---

THOMAS T. WOODALL, P.J., dissenting.


I respectfully dissent from the majority's conclusion that the appeal should be dismissed. However, when the issue is addressed on its merits, the convictions should be affirmed. The trial court found that Defendant was not wearing his seatbelt, which was a violation of the law, and that fact gave the trooper legal grounds to stop Defendant. By the limited issue in the certified question of law, Defendant (who presumably drafted the certified question) challenged only the stop and seizure of his vehicle on the ground that he was driving without wearing his seatbelt. The State could have insisted that the certified question include the issue relied upon by the majority in order to justify the seizure of the drug evidence, but did not. Thus, neither the State nor this court can go beyond the precise issue presented. The appellate court is "limited to consideration of the question preserved." *State v. Day*, 263 S.W.3d 891, 900 (Tenn. 2008).

> When crafting a certified question, both the defendant and the state would be prudent to review the Rule, craft the certified question to insure that it meets each of the requirements delineated in subsection (b)(2)(A)(i)-(iv) of the Rule, and analyze whether the issue as stated in the judgment order is broad enough to meet the intent of both parties. Although the burden is on the defendant/appellant to see that these prerequisites are in the final order [citation omitted], the state/appellee would be prudent to review the certified question as well because, as it did in this case, a certified question too narrow in scope may work to the state's detriment.

*Id*. at fn 8.

Accordingly, I would address the issue on its merits, find that Defendant is not entitled to relief, and affirm the judgments.

_____
THOMAS T. WOODALL, PRESIDING JUDGE